IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN DONNELL WILLIAMS,

    Petitioner,

v.                              Civil Action No. **3:11CV392**

**DIRECTOR, VDOC,**

    Respondent.

**MEMORANDUM OPINION**

Kevin Donnell Williams, a Virginia state inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Williams raises a single ground for relief:

> Petitioner represents the criminal conviction attacked herein to have been unconstitutionally obtained in violation of his **Sixth Amendment**[1] constitutional right to confront the witnesses against him and bases the claim on the holding of the United States Supreme Court decision in **Melendez-Diaz v. Massachusetts**,[2] decided on June 25, 2009.

(Br. Supp. § 2254 Pet. 4.) Respondent has moved to dismiss on the ground that the petition is barred by the one-year statute

---

[1] As relevant here, the Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend VI.

[2] In Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009), the Supreme Court held that certificates of analysis of physical evidence were testimonial by nature and, thus, the government was required under the Confrontation Clause to produce the expert who prepared the certificate for cross-examination before offering it into evidence.

of limitations governing federal habeas petitions. Williams has not responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On February 8, 2006, Williams received a fifteen (15) year active sentence in the Circuit Court for the County of Hanover ("Circuit Court") for drug, firearm, and habitual offender offenses. Commonwealth v. Williams, Nos. CR05000214, CR05000666, Cir. Ct. R. at 100-102 (Cir. Ct. filed Feb. 8, 2006). Williams did not appeal his convictions. (§ 2254 Pet. 1; Br. Supp. Mot. Dismiss ¶ 1.)

On March 18, 2010, the Circuit Court received Williams's petition for a writ of habeas corpus. Williams v. Dir., Va. Dep't Corr., No. CL10000249-00, Cir. Ct. R. at 1 (Cir. Ct. filed Mar. 19, 2010).[3] The Circuit Court dismissed this petition as untimely on August 20, 2010.[4] Id. at 32-35. Williams appealed

---

[3] The petition was received in the Circuit Court Clerk's office on March 18, 2010, but was not stamped "Filed" until March 19, 2010. Nevertheless, in Virginia "a pleading . . . would be deemed filed when received for the purpose of determining when the action was commenced . . . ." Layfield v. Indian Acres Club of Thornburg, Inc., No. CL01-378, 2002 WL 432375, at *2 (Va. Cir. Ct. Feb. 22, 2002).

[4] In denying Williams's petition as untimely, the Circuit Court cited Va. Code § 8.01-654(A)(2) which states in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two

2

to the Supreme Court of Virginia which, by order, upheld the Circuit Court's decision on March 25, 2011. <u>Williams v. Dir., Va. Dep't Corr.</u>, No. 102448, at 1 (Va. Mar. 25, 2011). Williams filed the § 2254 Petition on June 6, 2011.[5] (Br. Supp. § 2254 Pet. 9.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that Williams's § 2245 Petition is time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of

> years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2). The Circuit Court also addressed Williams's contention that he was entitled to a belated commencement of the limitations period because he did not discover the factual basis for his claim until <u>Melendez-Diaz</u> was decided stating "Code § 8.01-654(A)(2) 'contains **no exception** allowing a petition to be filed after the expiration of these limitations periods.'" <u>Williams v. Dir., Va. Dep't Corr.</u>, No. CL10000249-00, Cir. Ct. R. at 33-34 (Cir. Ct. filed Mar. 19, 2010) (quoting <u>Hines v. Kuplinski</u>, 267 Va. 1, 2 (2004) (emphasis added)).

---

[5] The Court deems the § 2254 Petition filed on the date Williams swears he placed the petition in the prison mailing system. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thirty days after Williams's sentencing in the Circuit Court, his judgment became final for purposes of AEDPA. <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (<u>citing</u> 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:6(a) (West 2006) (amended 2010).[6] Williams was sentenced on February 8, 2006. Thus, Williams's conviction became final on Friday, March 10, 2006—the last date to file his notice of appeal. The statute of limitations ran for 1468 days before Williams filed his state habeas petition in the Circuit Court on March 18, 2010.

The March 18, 2010 filing, however, was not a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). To toll the statute of

---

[6] In 2006, Rule 5A:6(a) read in relevant part:

> **Timeliness.** No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a) (West 2006) (amended 2010). Thus, because Williams filed no notice of appeal, the time for seeking direct review expired thirty days after the Circuit Court entered final judgment.

limitations a state court petition for collateral review must be "properly filed." Id.; Artuz v. Bennett, 531 U.S. 4, 8 (2000). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).[7] Thus, Williams's state habeas petition did not entitle him to statutory tolling.

Williams filed the § 2254 Petition on June 6, 2011. The statute of limitations ran for a total of 1912 days between the date Williams's judgment became final and his filing of the § 2254 Petition. Because Williams failed to file his § 2254 Petition within one-year of the final judgment in his criminal case, his petition is barred by the statute of limitations.

## B. Belated Commencement

The Court next must consider whether Williams is entitled to belated commencement of the limitations period. As pertinent here, federal law provides that, in addition to the date on which a judgment becomes final, the statute of limitations may commence on "the date on which the constitutional right asserted

---

[7] Williams asks this Court to review the Circuit Court's decision to deny his petition as untimely pursuant to Va. Code § 8.01-654(A)(2). "It is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws." Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (citing Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). This belated commencement provision protects petitioners when their claims could not have been brought earlier.

Here, Williams bases his Sixth Amendment claim solely on the Supreme Court's holding in Melendez-Diaz. Williams, however, has failed to recognize that the Melendez-Diaz holding has not been "made retroactively applicable to cases on collateral review," and thus does not qualify him for a belated commencement. Walker v. Johnson, No. 2:10CV548, 2011 WL 2119260, at *4 (E.D. Va. Apr. 19, 2011) (quoting 28 U.S.C. § 2244(d)(1)(C)); see also Mitchell v. Kelly, No. 4:09-CV-2845, 2011 WL 2579784, at *8 n.2 (N.D. Ohio June 29, 2011) ("Melendez-Diaz does not establish a new 'watershed' procedural rule implicating 'the fundamental fairness and accuracy of the criminal proceeding' so as to warrant retroactive application." (citing Teague v. Lane, 489 U.S. 288, 301 (1989))); Adams v. United States, No. 09-6152 (GEB), 2011 WL 1792562, at *3 (D.N.J. May 10, 2011) ("Crawford[8] is not retroactive, and where the [Supreme] Court stated that Melendez-Diaz was essentially an

---

[8] Crawford v. Washington, 541 U.S. 36 (2004).

7

application of Crawford, there is nothing to suggest that Melendez-Diaz should be applied differently." (citing Whorton v. Bockting, 549 U.S. 406, 421 (2007))).

Even if Williams is entitled to a belated commencement based on Melendez-Diaz, the statute of limitations would run from the date of that decision—June 25, 2009. Indeed, Williams executed the § 2254 Petition on June 6, 2011, 710 days after the Melendez-Diaz decision was announced. Thus, even assuming, without deciding, that Melendez-Diaz entitles Williams to a belated commencement, he still did not file his § 2254 Petition within the one-year time limit. 28 U.S.C. § 2244(d)(1).

C. **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d

925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Williams has not attempted to explain why he should be entitled to equitable tolling. Accordingly, Williams is not entitled to equitable tolling. Because Williams has not demonstrated any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, see 28 U.S.C. § 2244(d)(1)(B)-(D), the petition must be denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 10) will be GRANTED. Williams's § 2254 Petition will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Williams is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to Williams and counsel for Respondent.

An appropriate Order shall issue.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: *November 9, 2011*